**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAR - 1 2010
AT 8:30_____M
WILLIAM T. WALSH
CLERK

|  |  |
|---|---|
| MIDDLEBROOK AT MONMOUTH, ) ) Plaintiff, ) ) v. ) ) BRUCE J. LIBAN, ) ) ) Defendant. ) ) | Civil Action No. 09-3846 (GEB) **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the order to show cause (Doc. No. 4.) issued by Judge Arpert on October 14, 2009, and Bruce J. Liban's ("Liban" or "Defendant") response (Doc. No. 8) filed on November 2, 2009. The Court has considered Liban's submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will dismiss the action in its entirety.

**I.     BACKGROUND**

This case originates out of a document filed by defendant on August 4, 2009 which is labeled a "motion for permission to supplement the record," as well as a motion for "an extension of time to file." (Not. of Removal at 1; Doc. No. 1.)[1] After an initial scheduling

---

[1] This document is labeled as a complaint on the docket, but refers to itself as a motion. Judge Arpert construed this pleading as a notice of removal, and the Court will continue to refer to it as such.

1

conference on October 13, 2009, Judge Arpert issued an order to show cause directing defendant to show why the action should not be terminated in its entirety. (Doc. No. 4.) Defendant responded in writing on November 2, 2009, stating that "[t]his case has already gone through the Appellate Division and the New Jersey Supreme Court" and that "the next highest court is the United States District Court." (Def.'s Br. at 1; Doc. No. 8.) He argues that "it is as if the State of New Jersey refuses to comply with the United States Constitution." (*Id.*)

Though there is no briefing on the background of this case, the following has been pieced together from Liban's submissions:

> (1) Mr. Liban was evicted from his apartment by a judgment of the Superior Court of New Jersey, Law Division - Special Civil Part of Monmouth County on January 6, 2009 for excessive clutter in his apartment.
>
> (2) Mr. Liban never personally cross-examined the witness that his apartment complex presented against him, Mr. Kenneth P. Pape.
>
> (3) Mr. Pape is a representative of Middlebrook at Monmouth, the apartment complex and the plaintiff in the eviction action.
>
> (4) Mr. Liban was adequately notified that he was in breach of his lease as well as several New Jersey statutes before the proceeding began.
>
> (5) The trial judge, Hon. Lisa Thornton, J.S.C., held that "the tenant did violate the lease in paragraph 14 and 18 of the rules and regulations, creating a hazard that would lead - - it's clearly not sanitary. Not clean. And not just a little bit not clean. It's just - - it's unbelievable. And I am going to order a judgment for possession in favor of the landlord." (Transcript of decision, p. 20 at ll. 4-11; Doc. No. 1-A.)

While Mr. Liban states that this case has exhausted the appellate remedies offered by the State of New Jersey, he has submitted no evidence that an appeal was taken from this judgment.

## II. DISCUSSION

### A. Standard of Review

There are many doctrines of abstention, in which a federal court, even though it has jurisdiction to hear the case, may decline to do so. Assuming *arguendo* that this case is properly within the jurisdiction of this Court, an abstention doctrine will still apply.

The *Rooker-Feldman* doctrine is narrowly confined to the following: "cases brought in federal court by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Further, "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.*

It is also a bedrock principle of the U.S. Court system that appeals from a state supreme courts are taken directly to the United States Supreme Court. *Martin v. Hunter's Lessee*, 1 Wheat. 304 (1816); *see also* 28 U.S.C. § 1257. Federal district courts are empowered to exercise original, not appellate jurisdiction. *Exxon Mobil*, 544 U.S. at 283.

### B. Analysis

In his initial filing, Liban asks the Court to grant a motion for permission to supplement the record as well as an extension of his time to file. (Not. of Removal at 1; Doc. No. 1.) What he seeks to file, the Court does not know. The Court does know, however, that it does not have the power to grant these motions. Mr. Liban is identifying possible errors in the state civil trial, which would be proper arguments made in a state appellate court, or, if these appeals have been exhausted, to the United States Supreme Court. This Court has no power to enlarge deadlines or

3

otherwise affect the process of the state courts. Here, there was a final judgment issued by a state trial court on January 16, 2009. Any issues with this judgment should be taken to the proper appellate court, not to a trial court on the federal level.

Mr. Liban is correct, however, that the order issued by the Superior Court is incorrect. The improper box on this form order is checked, indicating that the action was defaulted for defendant's failure to appear instead of tried by a judge of that court. (Order attached as Ex. A to Docket Number 1, N.J. Docket # LT-7800-08.) This error does not, however, obviate the purpose of the order, which is to give possession of the unit in question to Middlebrook at Monmouth. Any errors in this order should be brought before the proper appellate court.

To the extent that Mr. Liban is seeking to have this Court enforce a judgment against the state of New Jersey for, as he alleges, not following the Constitution, Mr. Liban is reminded that it is improper to sue a state in federal court. U.S. CONST. amend XI.

## III. CONCLUSION

For the reasons stated herein, the Court concludes that Mr. Liban has not adequately responded to the order to show cause, and will dismiss the action in its entirety.

Dated: MARCH 1, 2010

GARRETT E. BROWN, JR., U.S.D.J.