<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MIDDLEBROOK AT MONMOUTH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-3846 (GEB) |
| BRUCE J. LIBAN, | ) **MEMORANDUM OPINION** |
| Defendant. | ) |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion for reconsideration (Doc. No. 13) filed by Bruce J. Liban ("Liban" or "Defendant") on March 10, 2010. The Court has considered Liban's submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny the motion for reconsideration.

**I.   BACKGROUND**

This case originates out of a document filed by defendant on August 4, 2009 which is labeled a "motion for permission to supplement the record," as well as a motion for "an extension of time to file." (Not. of Removal at 1; Doc. No. 1.)[1] After an initial scheduling

---

[1] This document is labeled as a complaint on the docket, but refers to itself as a motion. Judge Arpert construed this pleading as a notice of removal, and the Court will continue to refer to it as such.

conference on October 13, 2009, Judge Arpert issued an order to show cause directing defendant to show why the action should not be terminated in its entirety. (Doc. No. 4.) Defendant responded in writing on November 2, 2009, and stated that "[t]his case has already gone through the Appellate Division and the New Jersey Supreme Court" and that "the next highest court is the United States District Court." (Def.'s Br. at 1; Doc. No. 8.) He argued that "it is as if the State of New Jersey refuses to comply with the United States Constitution." (*Id.*)

The Court explained in its Opinion (Doc. No. 11) that the federal court system does not have the power to order state courts what to do. (Mem. Op. at 3; Doc. No. 11.) ("This Court has no power to enlarge deadlines or otherwise affect the process of the state courts.") Further, the Court explained that to the extent Mr. Liban is suing the State of New Jersey, it is improper to do so in federal court. (*Id.*) Lastly, the Court abstained under the *Rooker-Feldman* doctrine because this is a case brought in federal court by a state court loser complaining of an injury caused by the state court judgment rendered before the district court proceedings commenced.

## II.   DISCUSSION

### A.   Standard of Review

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings

made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

**B.     Analysis**

In the instant case, Mr. Liban has not argued a change in controlling law or the discovery of any new evidence. The Court also did not make a clear error of law. Instead, Mr. Liban just re-argues his previous position that this Court should order the New Jersey State courts to allow him extra time to file an appeal. Again, it is still the law that the Court is without power to do so.

**III.    CONCLUSION**

For the reasons stated herein, the Court concludes that Mr. Liban's motion for reconsideration should be denied, and the action will remain closed.

Dated: April 19, 2010

                                                                            s/ Garrett E. Brown, Jr.
                                                                     GARRETT E. BROWN, JR., U.S.D.J.